UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 21-01771 ODW (RAO) | Date: | October 26, 2021 |
| Title: | Michael W. Kessler v. D. Peterson et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER RE: FILING FEE AND ORDER TO SHOW CAUSE**

On October 18, 2021, Plaintiff Michael W. Kessler ("Plaintiff"), a pretrial detainee, filed a civil rights complaint. Dkt. No. 1. Plaintiff has not paid the filing fee or submitted a request to proceed *in forma pauperis*. Dkt. No. 2. The case cannot proceed until Plaintiff pays the filing fee or submits a request to proceed without prepayment of filing fees. Plaintiff shall either pay the filing fee or submit a request to proceed without prepayment of filing fees by **November 26, 2021**.

It also appears that the case may be subject to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Under *Younger*, a federal court must abstain from interfering with ongoing state criminal proceedings unless "an injunction is necessary to prevent great and immediate irreparable injury." *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626 (1986) (citing *Younger*, 401 U.S. 37). The doctrine is based on considerations of comity, or respect for state functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77, 134 S. Ct. 584, 187 L. Ed. 2d 505 (2018). *Younger* precludes "federal intrusion into ongoing state criminal prosecutions." *Id.* at 78. A claimant may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674, 27 L. Ed. 2d 701 (1971).

Here, Plaintiff complains that deputies of the San Bernardino County Sheriff's Department used excessive force during Plaintiff's arrest on December 15, 2020. *See* Compl. at 1-4. Plaintiff requests an investigation of the San Bernardino County Sheriff's Department. *Id.* at 4. Publicly-available court records indicate that Plaintiff is currently detained pursuant to California Penal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: EDCV 21-01771 ODW (RAO)　　　　　　Date: October 26, 2021
Title: Michael W. Kessler v. D. Peterson et al.

Code section 69 for resisting an officer.[1]  The date of the offense in the underlying criminal action is December 15, 2020.  The criminal action is still pending, with a pre-preliminary hearing scheduled for November 16, 2021.

　　　To determine whether the force used on Plaintiff was excessive under the Fourth Amendment, the Court would have to consider "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (internal quotation marks omitted).  Where a plaintiff is facing a charge for resisting an officer, a determination of a claim for excessive force used during the arrest would necessarily intrude on the state criminal matter.  *See Jones v. Cty. of Contra Costa*, No. 13-cv-05552-THE, 2014 WL 1411205, at *3 (N.D. Cal. Apr. 11, 2014) (finding evaluation of Fourth Amendment excessive force claim would unreasonably intrude on state court case on charge pursuant to California Penal Code section 69).  Thus, it appears that dismissal pursuant to *Younger* is appropriate here.  The Court will provide Plaintiff with an opportunity to respond to this order if he believes his case should not be dismissed.  **Plaintiff is ordered to show cause, in writing, no later than November 26, 2021,** why this action should not be dismissed pursuant to *Younger*.

　　　**Failure to file a timely response to this order as directed above may result in dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

　　　The Clerk is directed to mail Plaintiff a Form CV-60P, Request to Proceed Without Prepayment of Filing Fees with Declaration in Support.

　　　**IT IS SO ORDERED.**

Attachment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　Initials of Preparer　　dl

---

[1] The Court takes judicial notice of the court records for Plaintiff's underlying criminal action in the Superior Court of California, County of San Bernardino, case number FVI20003598, available at https://portal.sb-court.org/Portal/.  *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (finding that courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts").